UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD McDUFF,

      Plaintiff,                         Case No. 4:23-cv-11739

                                        District Judge F. Kay Behm

v.                                  Magistrate Judge Kimberly G. Altman

KRISTEN JONES, MAGEN OAKS,
and LORI COLEMAN,

      Defendants.

_____/

## REPORT AND RECOMMENDATION TO DENY AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11)

### I.      Introduction

This is a prisoner civil rights case.  Plaintiff Richard McDuff (McDuff), proceeding *pro se* and *in forma pauperis*, sues the above-named defendants under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  (ECF No. 1). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 16).

On October 12, 2023, defendant Magen Oaks (Oaks) filed a motion for summary judgment on the basis of exhaustion.  (ECF No. 11).  In lieu of filing a response, McDuff filed a first amended complaint as of right on October 31, 2023. (ECF No. 13).  On November 3, 2023, Oaks filed a second motion for summary

1

judgment on the basis of exhaustion, acknowledging that McDuff's amended complaint supersedes the original complaint and renders the previous summary judgment motion moot. *See* ECF No. 14, PageID.143. Therefore, as explained more thoroughly below, the undersigned recommends that Oaks's first motion for summary judgment, (ECF No. 11), be DENIED AS MOOT.

## II.     Discussion

As mentioned above, McDuff filed an amended complaint in lieu of responding to Oaks's motion. (ECF No. 13). Under Federal Rule of Civil Procedure 15(a)(1)(B), "a party may amend its pleading once *as a matter off course* within . . . 21 days after service of a responsive pleading[.]" (emphasis added). Thus, because McDuff's amended complaint was filed within 21 days of service of Oaks's motion, it should be accepted as a matter of course.

Generally, an "amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot." *Ky. Press Ass'n v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading)); *see also Glass v. Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) ("Because the original complaint has been superseded and nullified, there is

no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." (footnote omitted)).

However, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Yates v. Applied Performance Techs.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) (citations omitted). "That is particularly true if the amended complaint is 'substantially identical to the original complaint.' " *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (citing *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423 at *2 (S.D. Ohio Oct. 9, 2014)).

Here, Oaks acknowledges that the amended complaint refers to five grievances that McDuff says exhausted his administrative remedies. (ECF No. 14, PageID.143). Furthermore, Oaks acknowledges that the amended complaint supersedes the original complaint and renders Oaks's previous motion moot. (*Id.*). Oaks has thus filed a new motion for summary judgment addressing the amended complaint. (ECF No. 14). Based on these representations, Oaks's previous motion for summary judgment should be denied as moot, and that McDuff shall respond to the new motion for summary judgment within the time set by the Court.

## III.    Conclusion

For the reasons stated above, it is RECOMMENDED that Oaks's motion for summary judgment, (ECF No. 11), be DENIED AS MOOT. McDuff's amended

complaint, (ECF No. 13), shall govern this dispute.  The Court will address Oaks's

second motion for summary judgment, (ECF No. 14), by way of Report and

Recommendation at a later date.

Dated: November 6, 2023                          s/Kimberly G. Altman
Detroit, Michigan                                KIMBERLY G. ALTMAN
                                                 United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &

Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &

Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of

Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon
counsel of record and any unrepresented parties via the Court's ECF System to
their respective email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on November 6, 2023.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager