UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD McDUFF,

    Plaintiff,

v.

KRISTEN JONES, MEGAN OAKS,
and RICKEY COLEMAN,

    Defendants.
_____/

Case No. 4:23-cv-11739
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

### ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO TAKE PLAINTIFF'S DEPOSITION (ECF No. 51)

I.    Introduction

This is a prisoner civil rights case. Plaintiff Richard McDuff (McDuff), proceeding *pro se* and *in forma pauperis*, is suing defendants Kristen Jones (Jones), Megan Oaks (Oaks) and Rickey Coleman (Coleman)[1] under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (ECF No. 34). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 16).

---

[1] Coleman is in the process of being served. *See* ECF Nos. 45, 46, 47.

1

Before the Court is defendants Jones' and Oaks' motion for leave to take McDuff's deposition. (ECF No. 51). For the reasons that follow, the motion will be GRANTED.

## II. Discussion

Federal Rule of Civil Procedure 30 provides broad access to persons for depositions. Rule 30(a)(2)(B), however, requires a party to obtain leave of court where, as here, "the deponent is confined in prison." In determining whether it is appropriate to grant leave to conduct such a deposition, Rule 30(a)(2) provides that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)[.]"

According to Rule 26(b)(1), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Thus, the "language of Rule 30(a)(2) *requires* the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information." *McGinnis v. Huq*, No. 16-cv-13461, 2017 WL 1044989, at *1 (E.D. Mich. Mar. 20, 2017) (emphasis in original).

2

Considering these factors, the Court concludes that defendants' request to depose McDuff is consistent with the applicable Federal Rules of Civil Procedure and otherwise appropriate.[2]

### III. Conclusion

For the reasons stated above, defendants' motion to take McDuff's deposition, (ECF No. 51), is GRANTED. While it appears that McDuff is currently confined at the Central Michigan Correctional Facility, defendants may depose him at whichever MDOC facility he is confined to on the date of the deposition. Defendants may conduct McDuff's deposition either in person or via Zoom or another similar platform.

SO ORDERED.

Dated: July 26, 2024       s/Kimberly G. Altman
Detroit, Michigan       KIMBERLY G. ALTMAN
     United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 26, 2024.

     s/Julie Owens
     Acting in the absence of
     CAROLYN M. CIESLA

---

[2] Under the current scheduling order, discovery closes on October 25, 2024. McDuff recently filed a motion to extend (ECF No. 49), which will be the subject of a future order.

3

Case Manager

4