UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD McDUFF,

    Plaintiff,

v.

KRISTEN JONES, MAGAN OAKS,
RICKEY COLEMAN,

    Defendants.

Case No. 4:23-cv-11739
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 70)

I.     Introduction

This is a prisoner civil rights case. Plaintiff Richard McDuff (McDuff), proceeding pro se and in forma pauperis, has sued Michigan Department of Corrections (MDOC) Registered Dietitian Kristen Jones (Jones), Healthcare Unit Manager Magen Oaks (Oaks), and Dr. Rickey Coleman (Dr. Coleman) under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (ECF No. 34, Second Amended Complaint). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 6).

1

Before the Court is McDuff's motion for the appointment of counsel. (ECF No. 70). For the reasons that follow, the motion will be DENIED WITHOUT PREJUDICE.

## II. Background

As summarized in a previous order:

> McDuff filed his initial complaint on July 20, 2023, (ECF No. 1), and filed a first amended complaint as of right about three months later on October 31, 2023, (ECF No. 13). In the first amended complaint, McDuff amended one defendant from "Medical Supervisor (Unknown) Coleman" to "Medical Supervisor Lori Coleman." (*Id.*). Subsequently, Lori Coleman was served, an attorney filed an appearance on her behalf, and she moved to dismiss the complaint against her. (ECF No. 26). McDuff then moved to amend the complaint and submitted an affidavit to the effect that the correct defendant was not in fact Lori Coleman, but a doctor identified as "R. Coleman." (ECF No. 30). Lori Coleman's motion was granted, (ECF No. 38), and Dr. Coleman was eventually served, and appeared in the case on September 23, 2024, (ECF No. 61).

(ECF No. 64, PageID.672). Thereafter, McDuff filed another motion to amend, seeking to amend his complaint a third time to add claims against new defendants for events taking place in 2023 and 2024. (ECF No. 55). Defendants opposed the motion. (ECF No. 62). The Court denied the motion because the request was untimely and defendants would be prejudiced by allowing an amendment at this stage of the case. (ECF No. 64).

Scheduling orders are in place between McDuff and all defendants. For McDuff and Jones and Oaks, discovery closed October 25, 2024 and dispositive

2

motions are due by November 25, 2024. For McDuff and Coleman, discovery closes on January 23, 2025 and motions are due by February 25, 2025.

### III. Discussion

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavada v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). "An 'exceptional circumstance' is something 'beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.' " (ECF No. 18, PageID.67 (quoting *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017)). While deciding this case will likely involve medical records and legal issues regarding medical care, these issues are not unusually complex in terms of prisoner civil rights litigation.

Furthermore, the barriers McDuff faces due to incarceration are not unique or exceptional and do not justify appointment of counsel. *See, e.g., Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no

3

exceptional circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation).

In his motion, McDuff says his papers have been deficient and that if he had counsel, counsel would have been better able to advance McDuff's arguments and the Court's ruling on his motion to amend may have been granted. This does not create an exceptional circumstances. Contrary to McDuff's suggestion, the Court has understood his papers and its rulings on the motion to amend followed the applicable law and would not have changed even if McDuff had counsel. McDuff mentions that Dr. Coleman's motion to extend discovery was granted even though McDuff's motion to amend was denied in part due to requiring an extension of discovery. However, as explained in previous orders, the extension as to Dr. Coleman was warranted because Dr. Coleman had been recently added as a defendant.

Moreover, McDuff's filings show that he can litigate his case. Should McDuff's case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time.

### IV.    Conclusion

For the reasons stated above, McDuff's motion for the appointment of counsel is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: November 21, 2024           s/Kimberly G. Altman
Detroit, Michigan                  KIMBERLY G. ALTMAN
                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2024.

                                   s/Dru Jennings
                                   DRU JENNINGS
                                   Case Manager