UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MCDUFF,                                                  Case No. 23-11739

    Plaintiff,                                                               F. Kay Behm
v.                                                                                   United States District Judge

KRISTEN JONES, *et al.*,                                             Kimberly G. Altman
                                                                                     United States Magistrate Judge
    Defendants.
_____/

**OPINION AND ORDER OVERRULING**
**PLAINTIFF'S OBJECTIONS (ECF Nos. 69, 77)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed this lawsuit on July 20, 2023. (ECF No. 1, PageID.4-5). This matter was referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings. (ECF No. 16). On October 31, 2023, Plaintiff filed his first amended complaint renaming one defendant from Unknown Coleman to Lori Coleman. (ECF No. 13). On January 29, 2024, defendant Lori Coleman filed a motion to dismiss alleging that she was a wrongly named defendant. (ECF No. 26). On February 5, 2024, Plaintiff filed a motion to amend his complaint for a second time. (ECF No. 30). On February 12, 2024, a Report and Recommendation to

Grant Defendant Coleman's Motion to Dismiss (ECF No. 33) was entered, as was an Order Granting Plaintiff's Motion to Amend (ECF No. 38).

On February 26, 2024, Plaintiff filed his Second Amended Complaint. (ECF No. 34). On September 10, 2024, Plaintiff filed a motion to amend his complaint for a third time (ECF No. 55), however this motion was denied in an order entered on October 8, 2024 (ECF No. 64). As such, the second amended complaint, ECF No. 34, is the operative complaint.

On June 25, 2024, the court entered a scheduling order for dates that would govern this case. (ECF No. 43). On July 19, 2024, Plaintiff filed a motion to extend the scheduling order dates because he had not yet been able to serve Defendant Rickey Coleman. (ECF No. 49). On July 31, 2024, Judge Altman denied Plaintiff's Motion to Extend Time as moot as Plaintiff was able to successfully serve Defendant Coleman on July 17, 2024. (ECF No. 54). On September 23, 2024, Counsel for Coleman entered his appearance (ECF No. 61) and then on October 9, 2024, Coleman filed an Emergency Motion to Extend Scheduling Order Dates as discovery was set to close on October 25, 2024, per ECF No. 43. (ECF No. 66). On October 10, 2024, Magistrate Judge Altman granted Defendant Coleman's Motion to Extend dates as to discovery cutoff and dispositive motions involving Plaintiff and Defendant Coleman only and ordered that any dates

2

related to Defendants Oaks and Jones would still be governed by the original scheduling order.

Plaintiff filed an "Emergency Motion for Expedited Consideration of His Objections to the Magistrate's Denial of Leave to Amend the Complaint," which the court construes as his objection to the order denying his motion for leave to amend the complaint (ECF No. 64). (ECF No. 69). In the order denying Plaintiff's second motion for leave to amend the complaint, Judge Altman found it to be untimely, given that it was filed shortly before the discovery deadline and the dispositive motion deadline, which creates significant prejudice to the current Defendants. (ECF No. 64). Especially here, where Plaintiff sought to add new defendants relating to events that occurred in 2023 and 2024, after the events giving rise to the original claims in the complaint and amended complaints, which would necessitate extending the current deadlines, thus delaying progress of the case. *Id*. Judge Altman found that Plaintiff failed to show good cause for the late amendment and pointed out that many of the claims could have been brought in earlier amendments, but were not, and allowing the amendment would unnecessarily subject the current Defendants to prejudice and delay. *Id*. Moreover, because Plaintiff could file a new complaint regarding the new claims,

3

he was not prejudiced by the denial. *Id*. Defendants filed a response to the objections. (ECF No. 82).

Plaintiff also filed an objection to Judge Altman's order denying his motion to appoint counsel. (ECF No. 77). Defendants filed a response to the objection. (ECF No. 81).

For the reasons detailed below, the court finds that none of the objections state a clearly erroneous mistake requiring this court to set aside or modify the order and therefore **AFFIRMS** the orders of the Magistrate Judge and **OVERRULES** Plaintiff's objections.

## II.    LEGAL STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v.*

4

*Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

### III. OBJECTIONS

Plaintiff raises eight objections to the denial of his motion for leave to amend. The court finds that none of these objections have merit, as discussed in detail below.

<u>Objection No. 1</u>

Plaintiff's "Objection One" argues that the Magistrate Judge clearly erred when she denied "Plaintiff's Motion To Extend Discovery." (ECF No. 69, PageID.709). It is not clear how this objection supports Plaintiff's arguments as to the denial of Plaintiff's motion for leave to amend the complaint. This objection

5

does not show how Judge Altman's decision on the motion for leave to amend was clearly erroneous or contrary to law and is therefore, **OVERRULED**.

Objection No. 2

In his second objection, Plaintiff argues that he needed to exhaust administrative remedies against the new parties he proposed to bring in, and that because he previously notified the court that he planned to amend his complaint, he presented good reason to excuse his delay. (ECF No. 69, PageID.709). However, Judge Altman examined the factors that should be used to determine if "good causes exists" and determined that Plaintiff did not meet his burden. (ECF No. 64, PageID.675). Further, Judge Altman took into consideration that Plaintiff was filing the motion to amend his complaint very close in time to the close of discovery, the unfair prejudice defendants Jones and Oaks would face if Plaintiff was allowed to amend complaint so close to discovery, along with the fact that Plaintiff can simply file a new complaint with the new defendants and claims he wished to add as there are no statute of limitations issues. *Id*. The Magistrate Judge's ruling was well reasoned, the court finds no facts relied on were clearly erroneous, nor was the legal analysis contrary to law. Accordingly, Objection No. 2 is **OVERRULED**.

Objection No. 3

In his third objection, Plaintiff argues that the record does not support that the proposed amendment would prejudice Defendants (Jones and Oaks) as discovery was almost complete. (ECF No. 69, PageID.709). However, Defendants Oaks and Jones put forth facts and arguments that support how they would be prejudiced by such a late amendment along with supporting case law. (ECF No. 62). Plaintiff offers no law or analysis showing that Judge Altman's order denying Plaintiff's third attempt to amend his complaint was clearly erroneous or contrary to law. Plaintiff's third objection is **OVERRULED**.

<u>Objection No. 4</u>

In his fourth objection, Plaintiff argues that he allowed counsel for Jones and Oaks to depose him regarding claims related to the new proposed defendants already so defendants Jones and Oaks would not be prejudiced by allowing him to amend his complaint. (ECF No. 69, PageID.709). While true, Plaintiff's objection does not consider the additional reasons that his motion was denied – that good cause was not satisfied, and his second motion was unduly delayed. (ECF No. 64, PageID.676). Moreover, had Plaintiff's motion been granted, discovery would have had to have been extended for the newly added MDOC defendants and additional time would have been required to file dispositive motions that were due on November 25, 2024. (ECF No. 34). It was not unreasonable (nor clearly

7

erroneous or contrary to law) for Judge Altman to draw the line where she did. At some point, new defendants and new claims cannot continue to be added to the lawsuit without causing undue delay and prejudice to the other parties. Notably, Plaintiff is able to file a new complaint with the new parties and thus faces no prejudice. Nothing in Plaintiff's objection shows that Judge Altman's order to deny Plaintiff's motion to amend his complaint for a third time was clearly erroneous or contrary to law. Thus, this objection is **OVERRULED**.

Objection No. 5

In his fifth objection, Plaintiff relies on *Mattox v. Edelman*, 851 F.3d 583, 589 (6th Cir. 2017). In *Mattox*, the crux of the case centers on exhaustion and whether or not grievances will be considered ineffective when they are not exhausted prior to the filing of plaintiff's original complaint. *Id*. at 589. The *Mattox* district court granted summary judgment in favor of several of the defendants on the basis that the grievances were ineffective as they had not been exhausted prior to the filing of the plaintiff's original complaint. *Id*. The Sixth Circuit reversed, holding in part "the PLRA and Federal Rule of Civil Procedure permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim." *Id*. Plaintiff's claims were not

8

dismissed based on failure to exhaust and *Mattox* does not, however, dictate that such an amendment must be allowed. Instead, the decision about whether to grant or deny a motion to amend remains within the discretion of the district court and here, Judge Altman exercised her discretion based on applicable law. Nothing in *Mattox* suggest that her decision was clearly erroneous or contrary to law. Thus, this objection is **OVERRULED**.

Objection No. 6

In his sixth objection, Plaintiff argues that he put Defendants and the court on notice that he would like to amend his complaint and that should have been enough. (ECF No. 69, PageID.718). Plaintiff seems to suggest that this means that he did not unduly delay in bringing his motion to amend. However, whether Plaintiff informed the court and the Defendants that he planned on filing an amended complaint at some point is irrelevant. The court cannot decide a motion for leave to amend unless and until it is actually filed with the court. Here, Plaintiff did not file his motion to amend his complaint until September 10, 2024, just weeks before the close of discovery. Again, Plaintiff has not shown that Judge Altman's decision was clearly erroneous or contrary to law and this objection must be **OVERRULED**.

Objection No. 7

In his seventh objection, Plaintiff contends that pro se complaints must be held to less stringent standards. However, Judge Altman did not find fault with how he pleaded his proposed amended complaint and this argument is inapposite to the issue at hand. Plaintiff has not established that Judge Altman's decision was clearly erroneous or contrary to law and this objection must be **OVERRULED**.

Objection No. 8

Plaintiff's eighth objection appears to be related to his prior amendments to the complaint and is not related to Judge Altman's present order. Accordingly, the objection is **OVERRULED** as irrelevant.

Plaintiff raises five objections to Judge Altman's order denying the appointment of counsel. (ECF No. 77). The court finds that none of the objections have merit, as discussed in detail below.

Objection Nos. 1-3, 5

In these objections, Plaintiff does not explain how Judge Altman's decision to deny counsel was clearly erroneous or contrary to law. Instead, Plaintiff takes issue with how Judge Altman has interpreted his filings and says that he needs counsel because he is unable to articulate the relief he wants so that the Magistrate Judge understands him. As Judge Altman stated, "Contrary to McDuff's suggestion, the Court has understood his papers and its rulings on the

motion to amend followed the applicable law and would not have changed even if McDuff had counsel." (ECF No. 72, PageID.752). Nothing in these objections suggests that the Magistrate Judge's ruling is clearly erroneous or contrary to law. Accordingly, Objection Nos. 1-3 and 5 are **OVERRULED**.

<u>Objection No. 4</u>

In his fourth objection, Plaintiff argues that the Magistrate Judge's holding that he did not face "exceptional circumstances" is an abuse of discretion and contrary to law. (ECF No. 77, PageID.1010). There is no constitutional right to the appointment of counsel in civil cases. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). It is a privilege that is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To make the determination whether there are exceptional circumstances to appoint counsel, the court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Id*. Plaintiff again tries to make the case that he is unable to represent himself because the Magistrate Judge does not understand his filings and thus, there are exceptional circumstances warranting the appointment of counsel. However, Plaintiff fails to acknowledge that he had previously successfully amended his

11

complaint twice, successfully defended a motion for summary judgment on the basis of exhaustion, and navigated a number of other filings and responses, along with these objections. And merely because Judge Altman denied him certain relief does not suggest she cannot understand his pleadings. In the court's view, she appears to well understand Plaintiff's pleadings and thoughtfully and thoroughly addresses them.

Moreover, it is the practice of this court to not appoint counsel unless and until the Plaintiff's claims have survived summary judgment. *See e.g.*, *Burley v. Williams-Ward*, 2021 WL 51387, at *3 (E.D. Mich. Jan. 6, 2021) ("Generally, due to the limited number of pro bono counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court waits to seek pro bono counsel for Plaintiff until the dispositive motion deadline has passed and/or any of Plaintiff's claims survive dispositive motion practice."). Plaintiff has simply not identified any extraordinary circumstances warranting the appointment of counsel, or that differentiates his situation from any other prisoner proceeding pro se. *Griffin v. Klee*, 2015 WL 3407919, at *2 (E.D. Mich. May 27, 2015) (Limited knowledge of the law, the desire for an attorney's expertise, and a moderately complex subject matter do not present extraordinary circumstances differentiating the plaintiff from any other prisoner

proceeding pro se). Nor has Plaintiff identified any aspect of Judge Altman's ruling that is clearly erroneous or contrary to law in this regard. Accordingly, Objection No. 4 is **OVERRULED**.

### IV.   CONCLUSION

Therefore, the Court **OVERRULES** Plaintiffs' Objections and **AFFIRMS** the Magistrate Judge's Orders.

**SO ORDERED**.

Date: January 7, 2025                              s/F. Kay Behm
                                                   F. Kay Behm
                                                   United States District Judge

13