UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD MCDUFF, | Case No. 23-11739 |
|     Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| KRISTEN JONES, *et al.*, | Kimberly G. Altman |
|     Defendants. | United States Magistrate Judge |
| _____/ | |

**OPINION AND ORDER OVERRULING**
**PLAINTIFF'S OBJECTIONS (ECF Nos. 83)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed this lawsuit on July 20, 2023. (ECF No. 1, PageID.4-5). This matter was referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings. (ECF No. 16). On October 31, 2023, Plaintiff filed his first amended complaint renaming one defendant from Unknown Coleman to Lori Coleman. (ECF No. 13). On January 29, 2024, defendant Lori Coleman filed a motion to dismiss alleging that she was a wrongly named defendant. (ECF No. 26). On February 5, 2024, Plaintiff filed a motion to amend his complaint for a second time. (ECF No. 30). On February 12, 2024, a Report and Recommendation to

Grant Defendant Coleman's Motion to Dismiss (ECF No. 33) was entered, as was an Order Granting Plaintiff's Motion to Amend (ECF No. 38).

On February 26, 2024, Plaintiff filed his Second Amended Complaint. (ECF No. 34). On September 10, 2024, Plaintiff filed a motion to amend his complaint for a third time (ECF No. 55), however this motion was denied in an order entered on October 8, 2024 (ECF No. 64). As such, the second amended complaint, ECF No. 34, is the operative complaint.

On June 25, 2024, the court entered a scheduling order for dates that would govern this case. (ECF No. 43). On July 19, 2024, Plaintiff filed a motion to extend the scheduling order dates because he had not yet been able to serve Defendant Rickey Coleman. (ECF No. 49). On July 31, 2024, Judge Altman denied Plaintiff's Motion to Extend Time as moot as Plaintiff was able to successfully serve Defendant Coleman on July 17, 2024. (ECF No. 54). On September 23, 2024, Counsel for Coleman entered his appearance (ECF No. 61) and then on October 9, 2024, Coleman filed an Emergency Motion to Extend Scheduling Order Dates as discovery was set to close on October 25, 2024, per ECF No. 43. (ECF No. 66). On October 10, 2024, Magistrate Judge Altman granted Defendant Coleman's Motion to Extend dates as to discovery cutoff and dispositive motions involving Plaintiff and Defendant Coleman only and ordered that any dates

2

related to Defendants Oaks and Jones would still be governed by the original scheduling order. (ECF No. 68).

On December 30, 2024, Plaintiff filed an "Emergency Motion for clarification of the record." (ECF No. 83). Plaintiff moves the court for permission to file late objections to the Magistrate Judge's October 10, 2024 Order. He claims that he timely filed the objections and provides a copy of the legal mail request dated October 24, 2024 regarding his objections to the October 10, 2024 Order. (ECF No. 83, Ex. B, PageID.1087-89). Defendants filed a response to the objections, addressing the merits and taking no position on the timeliness of the objections. (ECF No. 89). The court finds it appropriate to consider Plaintiff's late filed objections, considering the evidence of his attempt to timely file objections in October 2024.

For the reasons detailed below, the court finds that none of the objections state a clearly erroneous mistake requiring this court to set aside or modify the order and therefore **AFFIRMS** the orders of the Magistrate Judge and **OVERRULES** Plaintiff's objections.

## II.   LEGAL STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being

served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

4

**III. OBJECTIONS**

Plaintiff raises five objections to the Magistrate's October 10, 2024 Order. The court finds that none of these objections have merit, as discussed in detail below.

<u>Objection No. 1</u>

Plaintiff's "Objection One" argues that Plaintiff should have been able to respond to Defendant Coleman's emergency motion to extend scheduling order dates. However, the Magistrate Judge was addressing an emergency motion where discovery might have closed before the motion could be addressed if the Judge waited for responses. It was well-within Judge Altman's discretion in managing the docket to decide to extend discovery in this fashion as to Defendant Coleman. *Gaines v. Cnty. of Wayne*, No. 20-11186, 2021 WL 5997980, at *1 (E.D. Mich. Dec. 20, 2021) ("The Federal Rules of Civil Procedure afford district courts broad authority and discretion to manage the discovery process in cases and control their dockets.") (citing *Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014)). Plaintiff does not indicate that he was prejudiced in any way as he too was permitted to conduct discovery as to Coleman. This objection does not show how Judge Altman's decision was clearly erroneous or contrary to law and is, therefore, **OVERRULED**.

5

Objection No. 2

In Plaintiff's second objection, he brings up objections that have been previously raised by Plaintiff in ECF No. 69 and ECF No. 77, and that were already overruled by this court in ECF No. 85. Accordingly, Objection No. 2 is **OVERRULED**.

Objection No. 3

Plaintiff's third objection is again an attempt to rehash the objections he made at ECF No. 69 and ECF No. 77 that were already overruled by this court at ECF No. 85. Plaintiff's third objection is **OVERRULED**.

Objection No. 4

Plaintiff's fourth objection is another attempt to rehash the objections he made at ECF No. 69 and ECF No. 77 that were already overruled at ECF No. 85. Thus, this objection is **OVERRULED**.

Objection No. 5

Plaintiff's objections No. 5 is related to the Magistrate Judge extending scheduling order dates as to Defendant Coleman only and not Defendants Jones and Oaks. Again, managing discovery and docket management decisions are within the discretion of Judge Altman. *See Gaines*, *supra* and *Marie*, *supra*. Plaintiff has not identified any prejudice nor does this objection show that Judge

Altman's decision was clearly erroneous or contrary to law. This objection, is therefore, **OVERRULED**.

## IV.     CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiffs' Objections and **AFFIRMS** the Magistrate Judge's Order.

**SO ORDERED**.

Date: January 31, 2025                              s/F. Kay Behm
                                                    F. Kay Behm
                                                    United States District Judge